# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS NICHOLS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-801-DRH** |
| | ) | |
| **PEOPLE of the STATE of ILLINOIS, et al,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Demetrius Nichols, currently an inmate in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Nichols is not entitled to relief, and the petition must be dismissed.

In this action, it seems that Nichols wishes to challenge his 2002 conviction in Perry County for aggravated battery of a peace officer.[1] *People v. Nichols*, Case No. 06CF32 (20th Judicial

---

[1] Nichols also makes reference to disciplinary proceedings that may have occurred with regard to this assault. He also attaches disciplinary paperwork related to a 2008 assault on another inmate, but that incident is not the subject of the instant action.

Circuit). According to the rambling petition, apparently Nichols pushed and struck a correctional officer, Jeff David. As best as the Court can determine, Nichols's basis for the instant petition is that the victim of his assault, Officer David, is now deceased, as is the presiding judge, James Campanellia.

Nichols provides no legal authority for his arguments,[2] nor does he suggest that he exhausted his state court remedies with respect to this conviction.

> Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639 , 644-45 (7th Cir. 2000). "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard*, 185 F.3d at 725; *Kurzawa*, 146 F.3d at 440. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

---

[2] The Court is aware of no rule, constitutional or otherwise, that allows for the reversal or expungement of a conviction (or any other judgment) solely because the presiding judge or complaining party later passed away.

As stated above, Nichols presents no assertions or documentation to indicate that he has challenged this conviction through the appellate courts in the state of Illinois, nor does he present any viable constitutional claim regarding the validity of this conviction.  Therefore, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED:   April 21, 2010.**


/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**